```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

GERARD D. GRANDOIT,             )
        Plaintiff,              )
                                )
                                )
        v.                      )    C.A. No. 11-11404-JLT
                                )
                                )
CATHERINE M. ROBINSON, et al.,  )
        Defendants.             )
```

MEMORANDUM AND ORDER

For the reasons set forth below, (1) the previously issued summonses are rescinded; (2) plaintiff's pending motions are denied; (3) this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); and (4) the Court certifies that any appeal would not be taken in good faith.

BACKGROUND

On August 3, 2011, Gerard D. Grandoit, a frequent litigant in this Court, filed a pro se complaint seeking to recover damages under various theories of law resulting from defendant Robinson's attempts to recover delinquent condominium fees that plaintiff owed to the Homeowners Association for his condominium complex.

Seventeen months later, this action was assigned randomly to the undersigned due to Judge Wolf's taking of senior status. See 01/02/2013 Electronic Notice of Reassignment, Docket No. 4. At that time, plaintiff's motion for leave to proceed in forma pauperis was granted and plaintiff was directed to show good cause why this action should not be dismissed. See Docket No. 5. Plaintiff was warned that he could be enjoined from filing further

actions absent judicial permission and/or that he could be subject to monetary sanctions should he make frivolous and/or unreasonable submissions to the Court. Id.

Since that time, plaintiff filed a response to the show cause order (#7) dated February 13, 2013; an amended complaint (#15) dated June 14, 2013; a second amended complaint (#18) dated August 27, 2013, and a third amended complaint dated September 6, 2013. By Order dated August 20, 2013, plaintiff was ordered to serve defendants and on August 30, 2013, the Clerk issued summonses. See Docket. Plaintiff subsequently filed several motions seeking an extension of time to serve defendant Catherine M. Robinson and permission to file a third amended complaint. See Docket Nos. 19-20, 22, 27.

DISCUSSION

1. Plaintiff's Proposed Fourth Amended Complaint

Here, plaintiff seeks to strike his second amended complaint and seeks permission to file a proposed fourth amended complaint. The Court recognizes that "leave to amend should be 'freely give[n]' in instances in which 'justice so requires.'" See Nikitine v. Wilmington Trust Co., 715 F.3d 388, 390 (1st Cir. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). However, in appropriate circumstances, leave to amend may be denied. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (affirming denial of motion to amend that was filed over fifteen months after commencement of

the action and more than nine months after initial amendment). Although the Supreme Court stated that the mandate for liberal amendment pursuant to Rule 15(a) "is to be heeded," Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court also recognized that "repeated failure to cure deficiencies by amendments previously allowed" constitutes an appropriate ground to deny leave to amend.  Id. at 182.

Here, plaintiff was provided with an opportunity, and took advantage of such opportunity, to file an amended complaint.  He subsequently filed second and third amended complaints and now seeks permission to file a fourth amended complaint.  In the Court's estimation, plaintiff's effort to file a fourth amended complaint, more than eight months after issuance of the show cause order and more than two years after the commencement of this action, comes too late under Rule 15(a).  Thus, the June 14, 2013 amended complaint remains the operative pleading.

2.   <u>The Amended Complaint is Subject to Dismissal</u>

Because the plaintiff is proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, his amended complaint is subject to screening under 28 U.S.C. §1915(e)(2).

The Court erroneously ordered plaintiff to serve the amended complaint without first subjecting it to screening pursuant to Section 1915(e)(2).  Because of this, the summonses are rescinded and plaintiff is prohibited from attempting to effectuate service

of process on defendants.  If process has already been served, defendants shall not be obligated to file a responsive pleading to this action.

As in his original complaint, plaintiff again complains that defendant Robinson misrepresented the amount owed and failed to properly inform him of her intent to file suit against him on behalf of a condominium trust.  Plaintiff dropped his purported claim under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, and the claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and M.G.L. ch. 93A, §§ 9(3), 9(3A) remain.

Although the twelve-page amended complaint is half the size of the twenty-nine page original complaint, the amended complaint fails to set forth a claim under the FDCPA.  The allegations in the amended complaint consist primarily of conclusory statements that simply recite the elements of a FDCPA claim.  As noted in the Court's January 2013 show cause order, plaintiff failed to satisfy his burden of showing that defendant Robinson is a debt collector within the meaning of the FDCPA.[1]  Courts have interpreted "regularly" to require that debt collection amount to a substantial percentage of a person's business or a large volume of collection

---

[1] The FDCPA defines a "debt collector" as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); see Heintz v. Jenkins, 514 U.S. 291, 292 (1995) (FDCPA "applies to a lawyer who 'regularly,' through litigation, tries to collect consumer debts") (emphasis omitted).

activity. See e.g. Camara v. Fleury, 285 F. Supp. 2d 90, 95 (D. Mass. 2003) (holding that an attorney and his law firm were not debt collectors where 4.57% of the firm's business involved debt collection activities). Because the FDCPA's prohibitions apply only to debt collectors as defined by the FDCPA, the plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is a debt collector. See Schlegel v. Wells Fargo Bank, NA, 720 F.3d. 1204, 1208 (9th Cir. 2013) (affirming dismissal of complaint for failure to sufficiently plead that mortgagee was a debt collector).

As in the original complaint, plaintiff's amended complaint does not sufficiently assert that the law practice of defendant Robinson has a principal purpose of collecting debts or that she regularly collects or attempts to collect debts. Moreover, notably absent from the amended complaint are the attachments that accompanied plaintiff's original complaint showing that he was informed that defendant would pursue legal action. I find that plaintiff, through the amended complaint, has failed to demonstrate good cause why this action should not be dismissed.

   3.   Plaintiff's State Law Claims

Because the amended complaint is subject to dismissal for the reasons stated above, supra., ¶ 2, grounds no longer exist for federal subject matter jurisdiction over plaintiff's state law claims. Under 28 U.S.C. § 1367, "district court may decline to

exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c); see Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 104 (1st Cir. 2004) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Here, the Court will decline to exercise pendent jurisdiction over plaintiff's state law claims.

    4.    Certification That Any Appeal
           Would Not be Taken in Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), I find, and hereby certify, that any appeal by Grandoit of the matters contained in this Memorandum and Order would not be taken in good faith. Such a certification prohibits in forma pauperis status on appeal even though Grandoit has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed in forma pauperis in the district-court action, or who has been determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without

further authorization unless the district court - before or after the notice of appeal is filed - certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding. Id.

Based on Grandoit's litigation history, and the failure to state any cognizable federal claims in this action, any appeal by Grandoit of this matter would not be taken in good faith. The Court finds that any appeal would be one that plainly does not deserve additional judicial attention.

## ORDER

Accordingly, it is hereby ORDERED that:

(1) The summonses are rescinded and plaintiff is prohibited from attempting to effectuate service of process on defendants. If process has already been served, defendants shall not be obligated to file a responsive pleading to this action.

(2) This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

(3) Plaintiff's pending motions (Nos. 19-20, 22, 27) are denied.

(4) The Court certifies that any appeal of this Memorandum and Order would not be taken in good faith.

SO ORDERED.

 September 30, 2013                     /s/ Joseph L. Tauro
 DATE                                   JOSEPH L. TAURO
                                        UNITED STATES DISTRICT JUDGE