UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERARD D. GRANDOIT,                )
      Plaintiff,               )
                      )
                      )
                      )   C.A. No. 11-11404-JLT
      v.                       )
                      )
                      )
CATHERINE M. ROBINSON, et al.,   )
      Defendants.              )

ORDER ON MOTIONS NOS. 30-31, 33-35

On September 30, 2013, this action was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  On November 29, 2013, plaintiff filed the following five motions: motion for extension of time to file a motion for reconsideration  (Docket No. 30); motion for leave to amend and incorporate new facts (Docket No. 31); motion to amend and incorporate new facts (Docket No. 33); motion for reconsideration and to serve the amended complaint (Docket No. 34); and motion for new summons (Docket No. 35).

Gerard Grandoit, a frequent litigant in this Court, filed this action in 2011 seeking to recover damages under various theories of law resulting from defendant's attempts to recover delinquent condominium fees.  Seventeen months later, this action was assigned randomly to the undersigned due to Judge Wolf's taking of senior status.  See 01/02/2013 Electronic Notice of Reassignment, Docket No. 4.  At that time, plaintiff's motion for leave to proceed in forma pauperis was granted and plaintiff was directed to show good cause why this action should not be dismissed.  See Docket No. 5. Plaintiff was warned that he could be enjoined from filing further

actions absent judicial permission and/or that he could be subject to monetary sanctions should he make frivolous and/or unreasonable submissions to the Court.  Id.

The Court's September 30, 2013 Memorandum and Order treated the Grandoit's June 14, 2013 amended complaint as the operative complaint and found that, through the amended complaint, plaintiff failed to demonstrate good cause why this action should not be dismissed.   At that time, Grandoit's request to file further amendments was denied because (1) he had previously been provided with an opportunity, and took advantage of such opportunity, to file an amended complaint, and (2) his requests to file amendments, more than eight months after the issuance of the show cause order, and more than two years after the commencement of this action, came too late.

Plaintiff seeks an extension of time to file a motion for reconsideration and has also filed a motion for reconsideration and motions to amend.  The Court recognizes that plaintiff's motions suggest "that whenever a litigant is disappointed, he is free to ask the court to mull it over again, this time favorably to his position, presumably on the theory that by mere repetition – perhaps raising the level of rhetoric - the court will see it his way." Northwest Bypass Group v. U.S. Army Corps of Engineers, 552 F. Supp. 2d 137, 144 (D.N.H. 2008).

Here, plaintiff's motions fail to specifically indicate under

which Rule his motions arise.  Rule 59(e) of the Federal Rules of

Civil Procedure provides 28 days to file a motion to alter or amend

a judgment.  Rule 60(b) of the Federal Rules of Civil Procedure

authorizes a court to grant a party relief from a prior final

judgment for certain enumerated reasons.[1]

Given the plain meaning of Rule 6(b)(2), the Court lacks

discretion to extend the twenty-eight day deadline for filing a

motion under Rule 59(e).  See Rule 6(b)(2), Fed. R. Civ. Pro. (a

"court must not extend time to act under Rules ... 59(e) and

60(b)).  However, Rule 60(c)(1) of the Federal Rules of Civil

Procedure provides a one year limitation period "for reasons (1),

(2) and (3) [of Rule 60(b) ]" and there is no time limitation for

a motion brought under Rule 60(b)(6).  Cotto v. United States, 993

F.2d 274, 278 (1st Cir. 1993).  Thus, plaintiff's motion for

extension of time to file a motion under Rule 59(e) is denied and,

to the extent plaintiff seeks an extension of time to file under

Rule 60(b), such request for an extension is denied as moot.

---

[1]The rule provides for relief on the following grounds:
"mistake, inadvertence, surprise or excusable neglect,"
Fed.R.Civ.P. 60(b)(1); "newly discovered evidence that, with
reasonable diligence, could not have been discovered in time to
move for a new trial under Rule 59(b)," Fed.R.Civ.P. 60(b)(2);
"fraud (whether previously intrinsic or extrinsic),
misrepresentation, or misconduct by an opposing party,"
Fed.R.Civ.P. 60(b)(3); "the judgment is void," Fed.R.Civ.P.
60(b)(4); "the judgment has been satisfied, released or
discharged; it is based on an earlier judgment that has been
reversed or vacated; or applying it prospectively is no longer
equitable," Fed.R.Civ.P. 60(b)(5); or "any other reason that
justifies relief," Fed.R.Civ.P. 60(b) (6).

Generally, a motion for reconsideration will be allowed only if the movant presents newly discovered evidence, shows there has been an intervening change in the law or demonstrates "that the original decision was based on a manifest error of law or was clearly unjust." Noel v. Walt Disney Parks & Resorts U.S., Inc., No. 10-40071, 2011 WL 6258334, at *1 (D. Mass. 2011). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id.

Here, plaintiff's motions fail to specifically indicate under which subsection his motions arise, but by their nature, it appears that plaintiff seeks to have the dismissal set aside pursuant to subsection one (mistake, inadvertence, surprise, or excusable neglect); subsection six (any other reason that justifies relief); and possibly subsection three (fraud, misrepresentation, or misconduct by an opposing party). The plaintiff's motion for reconsideration does no more than reiterate the arguments he earlier had advanced and now claims, somewhat counterintuitively, that had he received the summons, he would have made service on

defendant at that time.  However, the summons were issued in error and now, as a last-ditch measure, plaintiff seeks reconsideration of the denial of his request to amend his amended complaint. Because plaintiff has failed to bear his burden under Rule 60(b), the motion for reconsideration is denied.

Accordingly, it is hereby ORDERED that:

(1)   Plaintiff's motion for extension of time to file a motion for reconsideration (Docket No. 30) is DENIED;

(2)   Plaintiff's motion for leave to amend and incorporate new facts (Docket No. 31) is DENIED;

(3)   Plaintiff's motion to amend and incorporate new facts (Docket No. 33) is DENIED;

(4)   Plaintiff's motion for reconsideration and to serve the amended complaint (Docket No. 34) is DENIED; and

(5)   Plaintiff's motion for new summons (Docket No. 35) is DENIED.

SO ORDERED.


December 5, 2013                        /s/ Joseph L. Tauro
DATE                                    JOSEPH L. TAURO
                                        UNITED STATES DISTRICT JUDGE